UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES F. REED, IV, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00521-JMS-TAB |
| | ) | |
| MARK SEVIER, | ) | |
| | ) | |
| Respondent. | ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

James Reed's petition for a writ of habeas corpus challenges his conviction in prison disciplinary case NCF-19-06-0084. For the reasons explained in this Entry, Mr. Reed's petition is **denied**.

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

**B. Disciplinary Proceeding**

On June 14, 2019, Indiana Department of Correction ("IDOC') Officer Christopher Sanford wrote a Report of Conduct charging Mr. Reed with a code violation A-113, trafficking:

> On 6/11/19 Rebecca Landers, Aramark Employee, gave a wedding ring to offender Reed, James 215298 to deliver to Shackleford. Shackleford received the ring from Reed on 6/11/19. The ring was confiscated from Shackleford's possession by Investigator Kenny Stephens on 6/12/19. The ring was placed into evidence.

Dkt. 7-1.

Mr. Reed was notified of the charge on June 17, 2019, when he received a Notice of Disciplinary Hearing Screening Report. Dkt. 7-5. Mr. Reed pled not guilty, wished to have a lay advocate, did not wish to call any witnesses, and did not request any physical evidence. *Id.*

A disciplinary hearing was held on June 19, 2019.  Mr. Reed stated: "I am ready to start the hearing. It is just hear say. The ring was not in my possession, it was not found in my possession, it was found on the other offender, there is no time or place I did not have anything to do with it." Dkt. 7-7. The disciplinary hearing officer ("DHO") considered the staff reports, Mr. Reed's statement, and the physical evidence of the pictures and confidential and nonconfidential report of investigation. *Id.* The DHO found Mr. Reed guilty and recommended grievous loss sanctions of a deprivation of 90-days' earned-credit time and a credit class demotion that was suspended. *Id.*

Mr. Reed appealed to the Facility Head and the IDOC Final Reviewing Authority, but neither appeal was successful. Dkt. 7-8; dkt. 7-9. He then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. The respondent filed a return to order to show cause on April 2, 2020. Dkt. 7. Mr. Reed did not file a reply.

### C. Analysis

Mr. Reed's petition fails to list any grounds on which he challenges his disciplinary conviction. Dkt. 1 at 3-6. Mr. Reed answers item 13 on the petition, which asks what grounds were not presented in his lower administrative appeals and what reasons exist for Mr. Reed not presenting them. *Id.* at 5. Mr. Reed states:

> I never asked investigator K. Stephens to take a witness statement from a offender Shackleford do to the fact that I.A. K. Stephens stated he did not care one way or the other your both going to seg so let down state deal with your innocence. I was in fear of my freedom because this facility would not let the offender that really had the relationship with Miss Lander's speak up on my behalf. "Could the courts ask offender shackleford for a statement?"

*Id.*

The respondent argues that Mr. Reed does not list any grounds for relief in his petition. Dkt. 7 at 1, 5-6. The Court agrees and need not refer to Mr. Reed's first level appeal to infer or make his legal arguments for him, as Mr. Reed did not complete his petition by outlining his grounds.[1] The Court will, however, construe Mr. Reed's response to item number 13 in his petition as a challenge to his ability to present a witness statement and will limit its analysis to this ground only.

Mr. Reed's arguments regarding seeking a witness statement from offender Shackleford are contradictory. In his petition he claims he never asked for this statement to be taken but also claims that he did ask Investigator Stephens to get such a statement to exonerate him from the charge. Dkt. 1 at 2, 5. Mr. Reed admits that he did not raise this issue in his lower level appeals.

---

[1] The petition clearly instructs a petitioner to "[s]tate concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the same . . . . If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date." Dkt. 1 at 3-4.

In Indiana, only the issues raised in a timely appeal to the Facility Head and then to the Final Reviewing Authority may be raised in a subsequent petition for writ of habeas corpus unless a showing of "cause and prejudice or a miscarriage of justice (meaning conviction of an innocent person)" has been made. *See* 28 U.S.C. § 2254(b)(1)(A); *Washington v. Boughton*, 884 F.3d 692, 698 (7th Cir. 2018); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). The Court has reviewed Mr. Reed's first level appeal[2] and finds no mention of Mr. Reed's argument regarding a witness statement from offender Shackleford. The respondent argues that Mr. Reed explains why he did not ask for offender Shackleford's statement at screening but "does not explain why he failed to raise these arguments in his petition in his administrative appeal." Dkt. 7 at 7.

The Court agrees that Mr. Reed's general statement that he did not ask for the witness statement because Investigator Stephens "did not care" and that he feared for his freedom because the facility would not allow offender Shackleford to speak up on his behalf fails to show cause or prejudice. Cause is "'an objective factor, external to the defense, that impeded the defendant's efforts to raise the claim in an earlier proceeding. Prejudice [is] an error which so infected the entire trial that the resulting conviction violates due process.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010) (quotation

---

[2] Mr. Reed's appeal to the Facility Head reads: "1) I was approached by Investigator K. Stephens to screen me for tattoos on 6/12/2019, resulting my being placed in segregation a few hours later. 2) On 6/14/2019 Report of Conduct was imposed for code violation 113 trafficking for which resulted in conclusion of guilt based on allegation of receiving a ring that was never found to be in my possession; 3) and said ring was found in another prisoner's possession on 6/11/2019; 4) There is no video, and other witness evidence to substantiate Rebecca Lander's 'claim' that she ever gave me a ring to pass on to another; 5) In fact, she was oblivious to who I was 'personally' by name until it was provided to her; 6) It was overtly known weeks prior to my being placed in seg. that R. Sanders was under investigation, so how, and why would I 'ever' want 'anything' to do with her on any level." Dkt. 7-8 (errors in original).

and citation omitted)). "To demonstrate a fundamental miscarriage of justice, a petitioner must show that 'a constitutional violation has probably resulted in the conviction of one who is actually innocent' such that 'it is more likely than not that no reasonable [fact finder] would have convicted [the petitioner] in the light of the new evidence.'" *Thomas v. Williams*, 822 F.3d 378, 386 (7th Cir. 2016) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (citing *Kuhlmann v. Wilson*, 477 U.S. 436 (1986)); *Murray v. Carrier*, 477 U.S. 478 (1986). Mr. Reed's screening report indicates that he did not ask for any witnesses, and he fails to explain why he was unable to raise any issues regarding his presentation of witnesses in his appeals. Because Mr. Reed has failed to show cause and prejudice, habeas relief on this ground is **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Reed to the relief he seeks. Accordingly, Mr. Reed's petition for a writ of habeas corpus must be **denied** and the **action dismissed**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 11/10/2020

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

5

Distribution:

JAMES F. REED, IV
215298
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Natalie Faye Weiss
INDIANA ATTORNEY GENERAL
natalie.weiss@atg.in.gov